**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JULIUS SMITH,**

    **Plaintiff,**

v.                                                        **Case No: 5:08-cv-386-Oc-PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

## ORDER

This case is before the Court for consideration of Chantal Harrington's and Elizabeth Stakenborg's Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Doc. 31).

On March 23, 2010, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding the case to the Social Security Administration for further proceedings. (Doc. 20). Judgment was entered on March 25, 2010. (Doc. 21). Subsequently, on September 25, 2013, the Court entered an order awarding attorney's fees to Plaintiff under the Equal Access to Justice Act ("EAJA") in the sum of $5,049.05. (Doc. 30). Ultimately, however, those fees were not paid to counsel because Plaintiff owed a debt to the federal government. (Doc. 31).

Thereafter, on remand, Plaintiff's case was assigned to Administrative Law Judge Calvarese, who entered a favorable decision on March 14, 2014. (Ex. 2 to Doc. 31). Plaintiff was awarded past due benefits in an amount totaling over $87,000.00. (Ex. 4 to Doc. 31). The Commissioner withheld in escrow $21,840.00 of the award of past due benefits to secure payment of attorney's fees. Attorneys Stakenborg and Harrington state that the law firm of Sims and

Stakenborg, who represented Plaintiff at the administrative level, will be filing a fee petition administratively for the sum of $6,000.00.  (Doc. 31, p. 3).  In the meantime, Plaintiff's counsel on appeal, Attorneys Stakenborg and Harrington, now seek payment for their work representing Plaintiff in the amount of the remainder of the 25% in escrow, to wit: $15,820.00.   The attorneys further state that although EAJA fees were previously awarded, all the fees were taken by the federal government to pay for a debt owed by Plaintiff.  *See* Doc. 30, Public Law 99-80, §3, 99 Stat. 183, 186 (1985).  Accordingly, they contends that no reimbursement of the EAJA fees is necessary in this case, because no EAJA fees were paid.  They point out that the requested fee, $15,820.00, equates to approximately 18.1 percent of the past due benefits.

In support of the motion, Petitioners (i.e., Attorneys Stakenborg and Harrington) have filed a copy of the "Contract for Federal Appeal" fee agreement between Attorneys Harrington and Stakenborg and Plaintiff, which provides for attorney's fees of 25 percent of past due benefits. (Ex. 3 to Doc. 31).   Petitioners also state that the Commissioner is not opposed to the requested fees under 42 U.S.C. § 406(b) in the amount of $15,820.00. (Doc. 31.)

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant.   The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. Sec 406(b)(1).   As required by *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002) - the Supreme Court's pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.  "A contingent-fee agreement is not per se reasonable.  Deference should be given, however, to the 'freely negotiated expression both of a

- 3 -

claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment." *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005).

As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805. In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* at 808.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation they are not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. The Commissioner does not oppose the attorney fee award requested by Plaintiff.

Accordingly, for these reasons, Petitioners' Motion (Doc. 31) for Attorneys' Fees Under 42 U.S.C. § 406(b) is **GRANTED**. Section 406(b)(1) fees are approved for Plaintiff's counsel, Chantal J. Harrington, Esquire, and Elizabeth Stakenborg, Esquire, in the sum of $15,820.00 to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**DONE** and **ORDERED** in Ocala, Florida on July 14, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties